McGREGOR W. SCOTT
United States Attorney
MARY L. GRAD
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2763

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-MC-00096-WBS-GGH |
| Plaintiff, ) | CONSENT JUDGMENT OF FORFEITURE |
| v. ) | |
| APPROXIMATELY $8,165.00 IN U.S. CURRENCY, and ) | |
| APPROXIMATELY $1,499.00 IN U.S. CURRENCY, ) | |
| Defendants. ) | |
| ROBERTO BUSTAMANTE LEON, CESAR NUNEZ FELIX, and CATARINO LOPEZ GARCIA, ) | |
| Potential Claimants. ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 13, 2006, Roberto Bustamante Leon, Cesar Nunez Felix, and Catarino Lopez Garcia were indicted pursuant to 21 U.S.C. §§ 841(a)(1) and 846. On May 11, 2006, a Superseding Indictment was filed charging Roberto Bustamante Leon, Cesar Nunez Felix, and Catarino Lopez Garcia with violations of 21 U.S.C. §§

1

841(a)(1) and 846.  The Superseding Indictment included a criminal forfeiture allegation against the defendant currency.

2.   From January 2006 through March 8, 2006, there was an agreement among Roberto Bustamante Leon, Cesar Nunez Felix (aka Cesar Felix Nunez) and Catarino Lopez Garcia to distribute and possess with intent to distribute heroin.  On nine separate occasions in January through March 2006, an undercover officer purchased heroin from Roberto Bustamante Leon.  Catarino Lopez Garcia was present at five of the nine undercover buys and Cesar Nunez Felix was present at two of the nine undercover buys.

3.   On March 8, 2006, agents executed a search warrant at Cesar Nunez Felix's residence located at 4005 E. Horner Avenue.  Agents seized a total of approximately $8,165.00 in U.S. Currency not including the $400 of pre-recorded buy funds also located at the residence.  On March 8, 2006, agents executed a search warrant at Roberto Bustamante Leon's residence located at 508 S. Gertrude Street, Stockton, California where agents seized approximately 650 grams of a mixture and substance containing a detectable amount of heroin and approximately $1,499.00 in U.S. Currency.

4.   On June 7, 2006, Magistrate Judge Mueller issued seizure warrants for the approximately $8,165.00 in U.S. Currency and the approximately $1,499.00 in U.S. Currency.  The seizure warrants were duly executed that day.

5.   Roberto Bustamante Leon, Cesar Nunez Felix, and Catarino Lopez Garcia entered guilty pleas on or about August 4, 2006, in U.S. v. Roberto Bustamante Leon, et al., CR-S-06-00162-GEB, to Count One of the Superseding Indictment charging them with conspiracy to possess with intent to distribute at least 100 grams

of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1).

6. Roberto Bustamante Leon, Cesar Nunez Felix, and Catarino Lopez Garcia hereby acknowledge they possessed the defendant approximately $8,165.00 in U.S. Currency and the defendant approximately $1,499.00 in U.S. Currency and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant approximately $8,165.00 in U.S. Currency and the defendant approximately $1,499.00 in U.S. Currency, Roberto Bustamante Leon, Cesar Nunez Felix, and Catarino Lopez Garcia shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the Court being otherwise fully advised in the premise, it is hereby

ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11. All right, title and interest in approximately $8,165.00 in U.S. Currency and approximately $1,499.00 in U.S. Currency

seized on or about March 8, 2006, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

  12. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed.  The parties have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

  13. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of defendant currency, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

  14. Roberto Bustamante Leon, Cesar Nunez Felix, and Catarino Lopez Garcia acknowledge that they obtained, or declined to obtain, the advice of counsel prior to executing the stipulation filed herein, and that they entered into the stipulation knowingly and voluntarily.

///
///

4

15. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED: September 20, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described currency.

DATED: September 20, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE